**PETITION FOR WRIT OF MANDAMUS
AND COMPLAINT FOR DECLARATORY RELIEF**

Scott A. Emerick, Esq.
CA Bar 299393
Bolour / Carl Immigration Group, APC
1601 Vine St.
Los Angeles, CA 90028
Counsel for Petitioner

## UNITED STATES DISTRICT COURT FOR THE

## DISTRICT OF NEVADA

| | |
|---|---|
| Prymas Vaz | Case No.  _____ |
| Plaintiff, | |
| v. | **Petition for Writ of Mandamus and Complaint for Declaratory Relief** |
| James McHenry, in his Official Capacity, Director of Executive Office for Immigration Review U.S. Department of Justice 950 Pennsylvania Ave., NW Washington, DC 20530 | <u>Immigration Case</u> |
| Jill Anderson, in her Official Capacity as General Counsel for the Executive Office for Immigration Review U.S. Department of Justice 950 Pennsylvania Ave., NW Washington, DC 20530 | |
| Defendants. | |

**INTRODUCTION**

1.  Plaintiff Vaz files this petition for writ of mandamus and complaint for declaratory relief seeking an order from this Court requiring that Defendants respond with substantive steps taken in the filing of Form EOIR-44 by Mr. Vaz against his prior immigration attorney, Sonjay Sobti and to release the results of their investigation thus far to Mr. Vaz.

2.  On or about May 3, 2018, Mr. Vaz filed form EOIR-44 with the Office of General Counsel (OGC).  The form is a complaint against Mr. Vaz's previous immigration attorney, Sonjay Sobti.  Exhibit 1.

3.  The OGC issued a receipt notice dated May 17, 2018, acknowledging receipt of the written complaint and informing Mr. Vaz that they would investigate the matter and inform him of the results of the investigation.  Exhibit 2.

4.  To date, neither Plaintiff nor counsel have received any results of investigation or any updated that an investigation is actually taking place despite repeated attempts to contact the department.

5.  Mr. Vaz is pursuing immigration relief before the Ninth Circuit.  His arguments for relief, in part, include arguments regarding Mr. Sobti's egregious professional conduct, which Mr. Vaz alleges precluded him from obtaining relief.  The results of the investigation into Mr. Sobti by the OGC could be beneficial in Mr. Sobti's pursuit in legal immigration status.

**I. JURISDICTION**

6.  This is a civil action brought pursuant to 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal question jurisdiction) and § 1361 (action to compel an officer of the United States to perform his duty) to redress the deprivation of rights, privileges, and immunities secured to the Plaintiffs, by which statutes jurisdiction is conferred, to compel

the Defendants to perform a duty that the Defendants owe to the Plaintiffs. Jurisdiction is also

conferred by 5 U.S.C. § 555(b) and § 704, the Administrative Procedure Act ("APA").

7.  Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any

action in the nature of mandamus to compel an officer or employee of the United States or any

agency thereof to perform a duty owed to the plaintiff."  Mr. Vaz filed form EOIR-44 with

supporting evidence to complain about an immigration attorney's professional conduct pursuant

to 8 C.F.R. §1003.104(a)(1).

8.  The APA requires the OGC to carry out its duties within a reasonable time. 5 U.S.C. §

555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their

representatives and within a reasonable time, each agency shall proceed to conclude a matter

presented to it."  The OGC is subject to 5 U.S.C. § 555(b).

## II. VENUE

9.  Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e) because this is a

civil action in which the Respondents are employees or officers of the United States, acting in

their official capacities, brought in the district where a substantial part of the events or omissions

giving rise to the Plaintiffs' claim occurred and where the plaintiff resides and no real property is

involved in the action.  The Defendant, James McHenry, is sued in his official capacity as

Director of the Executive Office for Immigration Review (EOIR), and the Department of Justice

is a United States federal agency.  Defendant Jill Anderson is sued in her official capacity as

General Counsel for the Executive Office for Immigration Review, which is part of the

Department of Justice, a United States federal agency.

## III.  PARTIES

10.  The Plaintiff, Prymas Vaz, is a foreign national and resides in the state of Nevada.

He submitted a complaint against his previous immigration attorney with the Office of General Counsel to EOIR.

11.  Defendant James McHenry is Director of the Executive Office for Immigration Review, which is part of the Department of Justice.  This suit is brought against Director McHenry in his official capacity, as he is charged with oversight of all EOIR matters.

12.  Defendant Jill Anderson is General Counsel to the Executive Office for Immigration Review, which is part of Department of Justice.  This suit is brought against Ms. Anderson in her official capacity, as the Office of General Counsel is responsible for investigating attorney misconduct after a complaint is filed.

## IV.  CAUSE OF ACTION

13.  On or about May 3, 2018 Plaintiff filed a Form EOIR-44 Immigration Practition/Organization Complaint Form.  See Exh. 1.

14.  Plaintiff received a receipt notice from the OGC dated May 17, 2018 stating that the office would investigate the matter and "inform you of the results of our investigation as soon as it is completed."  Exh. 2.

15.  Since this letter, neither counsel nor plaintiff has been contacted by the OGC or received the results of any investigation, despite attempts to contact the office inquiring about the investigation.

16.  The investigation of complaints filed against immigration practitioners is the responsibility of the OGC.  See 8 C.F.R. §1003.104(a)(1).

## V.  CLAIMS

## COUNT ONE
**(MANDAMUS)**

Paragraphs 1 through 16 are incorporated herein.

17.  Mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a governmental official who refuses to act.  *Patel v. Reno*, 134 F.3d 929, 932 (9th Cir. 1997).  Defendants have a duty to act on the May 3, 2018 EOIR-44 complaint that was filed by Plaintiff by conducting, at a minimum, a preliminary investigation and notifying the Plaintiff of the results of that investigation.  They have failed to act on that duty.

18.  Plaintiff has a clear right to the action as 8 C.F.R. §1003.1049(b) states that "[u]pon receipt of a disciplinary complaint or on its own initiative, the EOIR disciplinary counsel *will* initiate a preliminary inquiry," and that the "complainant and the practitioner *shall* be notified of any such determination in writing." (emphasis added).  The clear language in the regulations give the Plaintiff a right to the results of the mandatory preliminary investigation that was instigated over a year and half prior to the filing of this complaint.

## COUNT TWO

**(VIOLATION OF ADMINISTRATIVE PROCEDURES ACT)**

Paragraphs 1 through 18 are incorporated herein.

19.  Defendants have violated the Administrative Procedures Act ("APA"), which provides that a reviewing court shall compel agency action unlawfully withheld or unreasonably delayed.  5 U.S.C. § 706(1).  By failing to act upon Plaintiff's complaint, Defendants have unlawfully withheld agency action and have violated the APA.  *See Sierra Club v. Thomas*, 828 F.2d 783, 794 (D.C. Cir. 1987) (stating that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice").

20.  Plaintiff submitted his EOIR-44 complaint over one and a half years ago.  According to the CFR the OGC must immediately begin a preliminary investigation of the matter.  The

OGC does not list processing times for complaints to be investigated, however over one and a half years for a preliminary investigation is unreasonable by any standard.

22.  The Defendants' delay is without justification and has forced the Plaintiff to resort to this Court for relief, and the Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A.      Compel the Defendants and those acting under them to perform their duty to investigate the matter and release in writing the results of the investigation to the Plaintiff without further delay;

B.      Grant reasonable attorney's fees and costs of court under the Equal Access to Justice Act;

C.      Grant such other and further relief as this Court deems proper.


Dated: February 13, 2020
Respectfully submitted,
/s/ Jon Eric Garde
Jon Eric Garde, Esq.
Local Counsel for Plaintiff


Dated: February 13, 2020
Respectfully submitted,
/s/ Scott A. Emerick
Scott A. Emerick, Esq.
Proposed Counsel for Plaintiff Not Admitted to the Bar of this Court

**CERTIFICATE OF FILING AND SERVICE**

I, Scott A. Emerick, hereby certify that on February 13, 2020, the foregoing document and all attachments were served on all parties or their counsel of record through the CM/ECF system if they are registered users, or, if they are not, by serving a true and correct copy at the addresses listed below:

James McHenry
Director of Executive Office for Immigration Review
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530

Jill Anderson
General Counsel for EOIR
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530

William Barr
Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, DC 20530

Nicholas A. Trutanich, U.S. Attorney for the District of Nevada
Civil Process Clerk, U.S. Attorney's Office
501 Las Vegas Blvd. South
Suite 1100
Las Vegas, NV 89101

Dated: February 13, 2020                    Respectfully submitted,


                                            By: /s/ Scott A. Emerick
                                            Scott A. Emerick, Esq.
                                            CA Bar No. 299393
                                            Bolour / Carl Immigration Group, APC
                                            1601 Vine St.
                                            Los Angeles, CA 90028
                                            323-491-4046
                                            Counsel for Plaintiff