UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PRYMAS NAZRETH VAZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JAMES MCHENRY, in his official capacity, Director of Executive Office for Immigration Review, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:20-CV-00316-KJD-NJK<br><br>ORDER |

Presently before the Court is Defendants' Motion to Dismiss *Writ of Mandamus* (#14). Plaintiff filed a response in opposition (#15) to which Defendants replied (#16).

I. Background

Plaintiff filed a complaint with the Executive Office for Immigration Review ("EOIR") on May 3, 2018, which alleged egregious misconduct on the part of Plaintiff's previous attorney. The EOIR maintains an Attorney Discipline Program to protect the general public and promote the integrity of the immigration court system. As part of this program, EOIR investigates misconduct complaints filed against immigration practitioners and representatives.

Upon receipt of Plaintiff's complaint, and consistent with EOIR practice, an EOIR investigator reviewed Plaintiff's complaint. The investigator found that the complaint warranted further review so that the attorney could be apprised of the allegations and be provided an opportunity to address the allegations. The EOIR concluded that the complaint did not merit a priority designation, meaning that the complaint would be addressed in the order it was received and as resources permitted.

The Attorney Discipline Program headed by EOIR's Disciplinary Counsel has 2 attorneys and 1 investigator to process and address the hundreds of complaints of misconduct received each year. In 2018, EOIR received approximately 579 complaints of practitioner

misconduct; in 2019, EOIR received approximately 684 complaints; and as of the end of March, 2020, EOIR had already received approximately 417 complaints. Plaintiff feels that resolution of his complaint, in his favor, is essential to immigration relief that he is pursuing in the Ninth Circuit Court of Appeals.

II. Standard of Review

Defendants move to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule) 12(b)(1) and failure to state a claim under Rule 12(b)(6). There are two types of attacks on subject-matter jurisdiction: facial and factual. Renck v. Novak, 2020 WL 2563834, at *1 (D. Nev. May 20, 2020) (citing Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004)). "'In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.' If the moving party converts 'the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.'" Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

III. Analysis

A. Subject Matter Jurisdiction

The Mandamus Act, 28 U.S.C. § 1361, provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is a drastic remedy to be invoked only in extraordinary situations. Bauman v.

U.S. Dist. Court, 557 F.2d 650, 654 (9th Cir. 1977). "Mandamus writs, as extraordinary remedies, are appropriate only when a federal officer, employee, or agency owes a nondiscretionary duty to the plaintiff that is so plainly prescribed as to be free from doubt." Macheret v. Chertoff, 2008 WL 763230, at *1 (D. Nev. Mar. 19, 2008) (citing Stang v. IRS, 788 F.2d 564, 565 (9th Cir. 1986)). "Whether each element of the three-part mandamus test is satisfied is a question of law." See, e.g., Ticheva v. Ashcroft, 241 F. Supp. 2d 1115, 1117 (D. Nev. 2002). However, even if all elements are satisfied, the trial court retains discretion as to whether to order mandamus relief. Indep. Mining Co. v. Babbitt, 105 F.3d 502, 505 (9th Cir. 1997).

"[M]andamus cannot be used to compel or control a duty which by law is given discretion." See Macheret, 2008 WL 763230, at *1 (citation omitted); see also Lowry v. Commissioner, Social Security Admin., 231 F. Supp. 2d 981, 984 (D. Or. 2001) (mandamus may not be used to instruct an official how to exercise discretion), aff'd, 50 Fed. App'x. 856 (9th Cir. 2002); see also, Ryon v. O'Neill, 894 F.2d 199, 205 (6th Cir.1990) ("For there to be a 'duty owed to the plaintiff' within the meaning of section 1361, there must be a 'mandatory or ministerial obligation. If the alleged duty is discretionary or directory, the duty is not 'owed.'").

Similarly, the Administrative Procedures Act ("APA"), 5 U.S.C. § 706, authorizes an action to compel an agency to take a discrete agency action that it is required to take, see Norton v. So. Utah Wilderness Alliance, 542 U.S. 55, 64 (2004). However, the APA does not provide an independent basis for federal jurisdiction. Califano v. Sanders, 430 U.S. 99, 107 (1977)). To invoke jurisdiction under the APA, a plaintiff must demonstrate that (1) the agency has a non-discretionary duty to act, and (2) the agency unreasonably delayed in acting on that duty. Norton, 542 U.S.at 63-65. Unreasonable delay "cannot be decided in the abstract, by reference to some number of months or years beyond which agency inaction is presumed to be unlawful but will depend in large part ... upon the complexity of the task at hand, the significance (and permanence) of the outcome, and the resources available to the agency." Mashpee Wampanoag Tribal Council, Inc. v. Norton, 336 F.3d 1094, 1102 (D.C. Cir. 2003).

Courts generally consider the "TRAC factors" in determining whether an agency action has been unreasonably delayed: (1) the time agencies take to make decisions; (2) whether Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed; (3) whether delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed. See Telecomm. Research & Action Ctr. v. FCC, 750 F.2d 70, 79-80 (D.C. Cir. 1984).

Courts should "refuse[ ] to grant relief," even if all the TRAC factors point toward relief, "where 'a judicial order putting [the petitioner] at the head of the queue [would] simply move[ ] all others back one space and produce[ ] no net gain' " and there is "no evidence the agency ... treated the petitioner differently from anyone else." Id. at 1100 (quoting In re Barr Labs., Inc., 930 F.2d 72, 75 (D.C. Cir. 1991)). Thus, the Mandamus Act and the APA are not available as a basis for jurisdiction, because the requested relief only has the effect of re-prioritizing the actions of the EOIR. The EOIR Attorney Discipline Program and professional misconduct regulations provide for the investigation and discipline of attorneys and representatives in the immigration courts and BIA. See generally, 8 C.F.R. § 1003.101, et. seq. The purpose of the program is to protect the public, preserve the integrity of immigration proceedings and adjudications, and maintain high professional standards among immigration practitioners. While EOIR does provide the complainant a response regarding the outcome of the investigation, the Rules and regulations do not expressly provide complainants with any enforcement power. EOIR has considerable discretion to investigate and resolve complaints. Further, there are no established time tables for action on a complaint. See 8 C.F.R. § 1003.104. Plaintiff fails to show that his claim is so plain and free of doubt that EOIR has a nondiscretionary, ministerial, duty to provide him with an expedited investigation and conclusion.

B. Alternatively, Court would not Grant Mandamus Relief in this Action

The extraordinary remedy of mandamus lies within the discretion of the trial court, even if the elements for mandamus are satisfied. See Indep. Mining Co., 105 F.3d at 505 (citing Oregon Nat. Res. Council v. Harrell, 52 F.3d 1499, 1508 (9th Cir. 1995)). The Ninth Circuit noted in an unpublished opinion that a district court appropriately denied mandamus relief when it concluded that granting relief would merely allow the plaintiff "'to jump the queue of other identically situated parties and would therefore achieve an arbitrary result and 'encourage a barrage of mandamus actions by others.'" Casa Colina Hosp. & Centers for Healthcare v. Wright, 698 F. App'x 406, 407 (9th Cir. 2017) (quotations in original); see also Ramtin Massoudi MD Inc. v. Azar, 2018 WL 6004523, at *7 (C.D. Cal. July 5, 2018) (declining to award expedited adjudication of Medicare claim by ALJ because it could not order relief for all similar situated parties); AHA v. Burwell, 812 F.3d 183, 192 (D.C. Cir. 2016) (mandamus should not issue to allow plaintiffs to "jump the line" because it would provide relief "at the expense of other similarly situated applicants"). Line jumping is precisely the relief sought by Plaintiff here. Plaintiff believes his needs are higher than others who have filed similar complaints. However, Plaintiff's complaint should be handled in the order it was received and as resources permit. If the Court were to grant mandamus relief, it would merely allow Plaintiff to move ahead of others who are similarly situated.

Thus, even if the EOIR's actions were reviewable, which they are not, the Court would not grant relief because the limited resources of the EOIR (currently only 2 attorneys and 1 investigator to tackle hundreds of complaints) counsel in favor of allowing the EOIR to prioritize the complaints it handles. Because investigations and due process take time, the EOIR's prioritization of Plaintiff's complaint amongst the hundreds made is not unreasonable. Therefore, even if jurisdiction existed under the Mandamus Act or the APA, the Court would exercise its discretion to decline relief.[1]

---

[1] The Court also declines relief under the Declaratory Judgment Act, 29 U.S.C. § 2201 because it is remedial in nature and does not confer subject matter jurisdiction. See Staacke v. United States Secretary of Labor, 841 F.2d 278, 280 (9th Cir. 1988).

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#14) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiff.

DATED this 26th day of March 2021.

_____
The Honorable Kent J. Dawson
United States District Judge